2022-CC01085

IN THE CIRCUIT COURT OF ST LOUIS CITY
STATE OF MISSOURI

EDWARD GORDON,                              )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )        Cause No.
                                           )
CORY AIONO,                                )
Serve:  603 Derby Trace,                   )
        Nashville, TN 37211                )
                                           )        **JURY TRIAL DEMANDED**
AND                                        )
                                           )
BPV MARKET PLACE INVESTORS, LLC            )
Serve:  Richard Bryant                     )
        1111 Main Street, #750             )
        Kansas City, MO 64105              )
                                           )
                    Defendants.            )

## PETITION

### Allegations Common to All Counts

COME NOW Plaintiff, EDWARDS GORDON, and for his cause of action against

Defendants Cory Aiono and BPV Market Place Investors, LLC state to the Court as follows:

1.      At all times pertinent hereto, Plaintiff Edward Gordon ("Plaintiff") was and is an

adult and resident of the State of Missouri.

2.      At all times pertinent hereto, Defendant Cory Aiono ("Defendant Cory") was and

is a resident of the State of Tennessee.

3.      At all times pertinent hereto, Defendant BPV Market Place Investors, LLC

("Defendant BPV"), was a foreign limited liability company set up under the laws of Maryland

that operated and provided staff members to work at the bars located at "Ballpark Village", located

1

**EXHIBIT B**

at 601 Clark Avenue, St. Louis, Missouri, which are licensed to do business in the State of Missouri.

4.      On the evening of September 22, 2025, Defendant Cory was overserved and allowed to drive from Ballpark Village and the bars therein in the City of St. Louis, and therefore venue is proper in this Court.

### Facts Pertinent to All Counts

5.      Plaintiffs incorporate the allegations in Paragraphs 1-4 as if fully set forth herein.

6.      On the evening of September 22, 2025, Defendant Cory was a customer at the bars located at Ballpark Village in downtown St. Louis, Missouri.

7.      During the course of the evening of September 22, 2025, Defendant Cory consumed alcoholic beverages that were served to her by employees, agents, or representatives of Defendant BPV.

8.      Due to the alcoholic beverages served to Defendant Cory by employees, agents, and/or representatives of Defendant BPV, Defendant Cory became visibly intoxicated.

9.      During the evening of September 22, 2025, upon leaving the bars located at Ballpark Village, Defendant Cory began operating his motor vehicle, namely a 2012 Ford Edge, at or near the intersection of South 4th Street and Chouteau Avenue, within the State of Missouri.

10.      Upon information and belief, near the aforementioned intersection, Defendant Cory in his highly intoxicated state, failed to stop at a red light facing his direction of travel and failed to yield to pedestrians at said intersection, including Plaintiff.

11.      As Defendant Cory was traveling at or near the aforementioned intersection with a red light facing his direction of travel, Plaintiff was legally crossing Chouteau

2

Avenue whereupon Defendant Cory struck Plaintiff and then dragged Plaintiff underneath his vehicle.

12.   As a result of the impact, Plaintiff sustained serious bodily injuries for which he incurred reasonable and necessary medical bills, pain and suffering, mental and emotional anguish, and loss of normal life that continue to the present.

<u>COUNT I – Negligence against Cory Aiono</u>

13.   Plaintiff incorporate the allegations in Paragraphs 1-12 as if fully set forth herein.

14.   At the time of the aforesaid incident, Defendant Cory had a duty to exercise the highest degree of care in the operation of his vehicle for the safety of other drivers and pedestrians, including Plaintiff.

15.   The aforesaid incident and resulting injuries/damages to Plaintiff were directly and proximately caused or contributed to be caused by the negligence and carelessness of Defendant Cory in the operation, maintenance and control of his vehicle in the following aspects:

a.   Defendant Cory negligently operated the motor vehicle under the influence of alcohol after consuming alcoholic beverages prior to the accident, and such consumption impaired his ability to control the motor vehicle;

b.   Defendant Cory operated the motor vehicle with a blood alcohol content above the legal limit for operating a motor vehicle;

c.   Defendant Cory failed to stop at a red light facing his direction of travel;

d.   Defendant Cory negligently operated the motor vehicle at an excessive rate of speed under the circumstances then and there existing;

e.   Defendant Cory failed to keep a careful and adequate look out;

f.   Defendant Cory failed to yield to Plaintiff, as a pedestrian legally crossing the above noted road; and/or

g.   Defendant Cory failed to exercise the appropriate standard of care while operating

3

a motor vehicle under the circumstances then and there existing.

16.    As a direct and proximate result of the negligence of Defendant Cory, Plaintiff sustained serious bodily injuries for which he incurred reasonable and necessary medical bills, pain and suffering, mental and emotional anguish, and loss of normal life that continue to the present.

WHEREFORE, Plaintiff Edward Gordon prays for judgment against Defendant Cory Aiono in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended, and for such other and further relief as this Court deems just and proper.

## COUNT II - Dram Shop Liability Against Defendant BPV

17.    Plaintiffs incorporate Paragraphs 1-65 as though fully set forth herein.

18.    At all times pertinent hereto, the bars located at Ballpark Village were and are licensed under Missouri law to sell alcohol and liquor.

19.    At all times pertinent hereto, Defendant BPV furnished, trained, employed and supervised the bartenders working for the bars located at Ballpark Village.

20.    On the evening of September 22, 2025, Defendant BPV, through its agents and employees, sold or gave intoxicating liquor to Defendant Cory, who consumed said liquor.

21.    The alcohol and liquor sold or given to Defendant Cory by Defendant BPV caused Defendant Cory to become visibly intoxicated and inebriated to such an extent that his impairment was shown by uncoordinated physical action and/or physical dysfunction.

22.    On or about September 22, 2025, Defendant BPV, by and through its employees, agents and/or servants, knowingly served alcohol to Defendant Cory, who was then visibly intoxicated.

4

23.    Said conduct by Defendant BPV and its employees/agents violated § 537.053 RSMo.

24.    Said statute is designed to protect the public from the harm of patrons being overserved and hurting innocent third parties as a result of their intoxication.

25.    After the employees, agents and/or servants of Defendant BPV, knowingly served intoxicating liquor to a visibly intoxicated Defendant Cory, Defendant Cory drove his vehicle while intoxicated to the extent that his driving ability was impaired.

26.    On September 22, 2025, after leaving the bars located at Ballpark Village, Defendant Cory began operating his motor vehicle, namely a 2012 Ford Edge, at or near the intersection of South 4th Street and Chouteau Avenue, within the State of Missouri, whereupon he failed to stop at a red light facing his direction of travel and failed to yield to pedestrians at said intersection, including Plaintiff, and struck Plaintiff.

27.    As a direct and proximate result of the employees, agents and/or servants of Defendant BPV over-serving intoxicating liquor to Defendant Cory while he was visibly intoxicated, Defendant Cory drove his vehicle while impaired and collided with Plaintiff causing him serious bodily injuries for which he incurred reasonable and necessary medical bills, pain and suffering, mental and emotional anguish, and loss of normal life that continue to the present.

28.    WHEREFORE, Plaintiff Edward Gordon prays for judgment against Defendant BPV in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs herein expended, and for such other and further relief as this Court deems just and proper.

BY:_____

MICHAEL P. GLISSON, #49524
TIMOTHY J. CHARTRAND #67993
Williamson, Webster, Falb & Glisson
111 East Fourth Street, Suite 400
Alton, Illinois 62002
(618) 462-1077
(618) 462-1080 Fax
mike@glissonlaw.com
tim@glissonlaw.com

*Attorneys for Plaintiff*

6