UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD GORDON,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        No. 4:26 CV 937 CDP
                                        )
CORY AIONO, et al.,                     )
                                        )
        Defendants.                     )

**MEMORANDUM AND ORDER**

This removed case is before me for review of subject-matter jurisdiction.

Plaintiff Edward Gordon, a Missouri citizen, filed this action in the Circuit Court of St. Louis City, Missouri, alleging that defendant Cory Aiono struck him while he was crossing the street as a pedestrian and dragged him under the vehicle, causing injury.   Gordon alleges that Aiono was driving while intoxicated after having been overserved at Ballpark Village, which is operated and staffed by defendant BPV Market Place Investors, LLC.   Gordon asserts negligence against Aiono and dram shop liability against BPV Market Place.   Both defendants were served with process in state court.

BPV Market Place removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.   Because neither the notice of removal nor the state-court petition contains an adequate statement of citizenship with respect

to either defendant, I will order BPV Market Place to file an amended notice of removal to properly allege this Court's subject-matter jurisdiction.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removed cases, diversity of citizenship is determined at the time the suit is filed and upon its removal. *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 635 (8th Cir. 2022). *See also Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (parties must be diverse both when plaintiff initiates action in state court and defendant files notice of removal in federal court). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016). In addition to plaintiff's state-court petition, I review the defendant's notice of removal to determine the existence of subject-matter jurisdiction. *Reece*, 760 F.3d at 777-78 (court looked to notice of removal

- 2 -

for satisfaction of jurisdictional requirements).

In Gordon's state-court petition and BPV Market Place's notice of removal, defendant Aiono is identified only as a "resident of the State of Tennessee."   A statement of an individual's "residency," however, is insufficient to establish that person's citizenship.   *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

As to defendant BPV Market Place, it is a limited liability company, so its citizenship is determined by the citizenship of each of its members.   *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).   But neither the state-court petition nor the notice of removal identifies any BPV Market Place member, nor alleges any individual member's State of citizenship.   Instead, the notice of removal merely states, generally, that "all of the members . . . are residents and citizens of states other than Missouri."   (ECF 2 at ¶ 8.)   "This catch-all recitation does not satisfy the requirements for showing that this Court has jurisdiction over this matter."   *James v. Moore*, No. 1:23-CV-115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023).   Merely averring that a party is *not* a citizen of a particular State does not set forth with specificity that party's citizenship for purposes of establishing diversity jurisdiction.   *Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, No. 4:20-CV-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) (citing cases).   *Cf. Howard v. Newrez, LLC*, No. 4:21-CV-522

- 3 -

JAR, 2021 WL 2949535, at *5 (E.D. Mo. July 14, 2021) (party invoking diversity jurisdiction must identify the parties' States of citizenship).

As the party invoking this Court's jurisdiction, BPV Market Place must identify each of its individual members and specifically plead the State of their citizenship. *James*, 2023 WL 4350944, at *1.   BPV Market Place must also identify defendant Aiono's State of citizenship and not merely where he resides.   I will give BPV Market Place seven (7) days to amend its notice of removal to properly allege this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that **within seven (7) days of the date of this Order**, defendant BPV Market Place Investors, LLC, shall file an amended notice of removal properly alleging this Court's subject-matter jurisdiction.   Failure to timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2026.

- 4 -